**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| PetPivot Inc. |
| |
| *Plaintiff,* |
| |
| v. |
| |
| Shenzhen Tuguangliang Technology Co., Ltd. d/b/a THEREYE.us, |
| |
| *Defendant.* |

**CASE NO.** 1:25-cv-9171

**PRELIMINARY INJUNCTION ORDER**

Plaintiff PetPivot Inc. ("PetPivot") and Defendant Shenzhen Tuguangliang Technology Co., Ltd. d/b/a THEREYE.us ("THEREYE," and together, the "Parties") having stipulated and consented to the entry of this Preliminary Injunction, and the Court being otherwise fully advised,

**IT IS ORDERED** that

1. The Court finds that continuation of appropriate interim relief is warranted to preserve the status quo.

2. Defendant, as well as its managers and employees within its reasonable control, are enjoined from creating, publishing, or disseminating, through any of Defendant's official or controlled online TikTok platform accounts, any false or misleading statements of fact regarding the functionality, performance, or quality of PetPivot or its litter boxes.

3. Defendant shall not, by explicit instruction, cause any third party that Defendant retained, contracted with, or authorized (collectively, "Retained Parties"), to create, publish, or promote advertising or content that would violate Paragraph 2. Nonetheless,

1

given that such third parties are not under Defendant's control, Defendant shall not be held liable for any content created or published independently by them.

4.      Within 5 business days of entering this Order, Defendant shall use its best efforts to remove, or cause the removal/disablement of, the identified challenged comparative content from online accounts that Defendant controls.

5.      Within 5 business days, Defendant shall send written takedown demands to Retained Parties and to the TikTok platform(s) to remove, or cause the removal/disablement of, the identified challenged comparative content.

6.      Defendant shall preserve (and not delete), to the extend that it is able to, advertising files, scripts, creator/affiliate agreements, campaign dashboards, and sales/attribution reports relating to the challenged comparative content.

7.      Based on the TRO record, third-party platforms and payment processors with actual notice of this Order—including TikTok Shop/Payments and any identified processors—shall restrain funds up to a cap of $100,000 in the aggregate held in accounts owned or controlled by Defendant (the "Cap"). Funds in excess of the Cap shall be released.

8.      The Court finds that the existing $1,000 security posted under Rule 65(c) in connection with the TRO is sufficient; no additional security is required for this stipulated preliminary injunction.

The conference currently scheduled for January 5, 2026, is hereby ADJOURNED *sine die*.

The Clerk of Court is directed to terminate the pending motion at docket entry 25.

Dated:      December 29, 2025          SO ORDERED.
            New York, New York

2

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE